IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO MAHOLMES, JR.,

            Plaintiff,

v.                                                                                              OPINION and ORDER

ASHLEY DREXLER, MATTHEW STAKE,                                         25-cv-60-jdp
BRIAN HAYES, and ABIGAIL CORL,

           Defendants.

---

Plaintiff Antonio Maholmes, Jr., proceeding without counsel, is suing four state employees for violating his rights in different ways. The complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, which require the court to dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening the complaint of a plaintiff without counsel, I accept the allegations as true and read the complaint liberally. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Maholmes must still provide fair notice of his claim and "plead a plausible claim for relief," *Balle v. Kennedy*, 73 F.4th 545, 557 (7th Cir. 2023).

For the reasons below, I cannot allow Maholmes to proceed on any of his claims. But I will allow him to amend his complaint to address issues identified in this opinion.

ANALYSIS

Maholmes provides little information about the individuals he is suing. He says only that Ashley Drexler, Matthew Stake, and Abigail Corl were employees of the Wisconsin Department of Corrections and Brian Hayes was an employee of the Wisconsin Division of

Hearings and Appeals. He does not organize his complaint into counts, but I understand him to be challenging the following conduct:

(1) Drexler and Stake denied Maholmes's request for information under Wisconsin's open records law.

(2) Hayes directed Maholmes not to file any more open records requests "from the Department of Corrections."

(3) Hayes, Drexler, and Corl rescheduled Maholmes's revocation hearing without giving him proper notice.

(4) The "defendants" are denying Maholmes access to "materials" he "need[s] to examine [the] accuracy [of the] allegations" against him, and they are "in collusion to prevent [Maholmes] from receiving fair and impartial revocation decision[s]."

(5) The "defendants" are "suppressing [Maholmes's] efforts to obtain mental health and substance use treatment."

(6) Corl is refusing to "examine electronic medical content" that has "exculpatory value in connection with the investigation of the allegations being brought" against Maholmes.

Maholmes's allegations are about three issues that appear to be unrelated: (1) open records requests; (2) a revocation hearing and decision; (3) treatment for mental health and substance abuse. Generally, a plaintiff may not bring unrelated claims together in one lawsuit. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018); *Lee v. Cook County, Ill.*, 635 F.3d 969, 971 (7th Cir. 2011). But it would be pointless to sever Maholmes's different sets of claims into different lawsuits because I cannot allow him to go forward on any of the claims he is asserting. If Maholmes chooses to file an amended complaint, I will consider whether some of Maholmes's claims need to be severed.

A. **Open records**

Wisconsin's open records law requires state agencies to make public records available to anyone who requests them, subject to statutory or common-law exceptions.

Wis. Stat. §§ 19.35–36; *Mastel v. School District of Elmbrook*, 2021 WI App 78, ¶ 12, 399 Wis. 2d 797, 967 N.W.2d 176. When an agency withholds a record or delays access to it, the record requester may "bring an action for mandamus asking a court to order release of the record." Wis. Stat. § 19.37(1).

People who are incarcerated may not file open records requests unless the requested document "contains specific references to that person or his or her minor children for whom he or she has not been denied physical placement under ch. 767." Wis. Stat. § 19.32(3). Maholmes admits he was incarcerated when he submitted his request, but he does not say whether he was seeking documents that mention him or his children. Regardless, a federal court may not order a state official to comply with state law. *See Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 469 (7th Cir. 1988) (applying the principle to Wisconsin's open records law). Maholmes must bring that type of claim in state court. So I will dismiss without prejudice Maholmes's claim against Drexler and Stake for violating the open records law.

Maholmes's claim against Hayes suffers from a different problem: it does not provide fair notice of what Hayes did to violate Maholmes's rights. Maholmes says that Hayes sent Maholmes a "'cease and desist' notice basically refraining me from requesting open records from the Department of Corrections." Dkt. 1, at 4. Maholmes has not provided enough information to state a plausible claim under federal law because Maholmes does not identify what exactly the notice said and whether Hayes threatened to take any adverse action Maholmes if he continued filing open records requests. So I will dismiss this claim without prejudice and give Maholmes an opportunity to file an amended complaint that provides the missing information. Alternatively, Maholmes may file a copy of the notice that Hayes sent him.

**B. Revocation**

Maholmes asserts three claims related to the revocation of his probation or parole. Specifically, Maholmes says that defendants did not give him proper notice when they rescheduled his hearing, they are denying information that he needs to present a defense, and they are refusing to consider favorable evidence.

At the time Maholmes filed his complaint, his revocation hearing had not yet been held. The general rule is that a court may not decide claims when doing so would interfere with criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). This includes revocation proceedings. *Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018).

Maholmes states in his complaint that his revocation proceeding was scheduled for February 19, and he has not provided the court with an update since then. So it is not clear whether Maholmes's claims could interfere with revocation proceedings or whether the outcome of the proceedings could affect his claims.

I will stay a decision on Maholmes's claims related to the potential revocation to allow Maholmes to clarify the status of the revocation proceedings and provide more details about his claims. If Maholmes still wishes to proceed with the claims regarding the revocation proceedings, he should file an amended complaint that includes the following information: (1) whether the revocation hearing has been held, and, if so, what the result of the proceeding was, whether Maholmes filed an appeal, and what the status of the appeal is; (2) how each defendant was involved in denying Maholmes notice, and how he was harmed by failing to receive proper notice of the new hearing date; (3) what each defendant did to prevent Maholmes from obtaining evidence related to the hearing, what evidence he was denied, and how he was harmed by not having that evidence; (4) what each defendant did to deny

4

Maholmes a fair hearing; and (5) what evidence Corl refused to consider and how Corl's refusal harmed him.

**C. Treatment**

Maholmes includes one sentence in his complaint that "[t]he defendants are violating my rights in furtherance of oppressing me and suppressing my efforts to obtain mental health and substance use treatment (dual diagnosis)." Dkt. 1, at 5–6.  It is not clear whether this is a separate claim or if Maholmes simply means to allege that loss of treatment is an intended consequence of the other alleged conduct. If Maholmes does mean to assert a separate claim, he has not provided fair notice of it. I will give him an opportunity to file an amended complaint that identifies what defendants are doing to interfere with his treatment, which defendants are involved, and why he believes that conduct violates his rights.

ORDER

IT IS ORDERED that plaintiff Antonio Maholmes, Jr.'s complaint is DISMISSED without prejudice. Maholmes may have until May 20, 2025, to file an amended complaint that addresses the issues discussed in this order. If Maholmes does not respond by then, I will direct the clerk of court to enter judgment and close the case.

Entered April 29, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge