IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO MAHOLMES, JR.,

                Plaintiff,

v.                                          OPINION and ORDER

ASHLEY DREXLER, BRIAN HAYES,                    25-cv-60-jdp
and ABIGAIL CORL,

                Defendants.

---

Plaintiff Antonio Maholmes, Jr., proceeding without counsel, has filed an amended complaint in accordance with the court's order holding that the original complaint did not state a claim upon which relief may be granted. The amended complaint drops all claims against Matthew Stake and focuses on Ashley Drexler, Abgail Corl, and Brian Hayes. I have amended the caption accordingly.

Maholmes identifies Drexler and Corl as employees of the Wisconsin Department of Corrections and Hayes as an employee of the Wisconsin Division of Hearings and Appeals. From context, it appears that Drexler and Corl are probation agents and Hayes is a hearing examiner. Maholmes alleges that Drexler, Corl, and Hayes conspired to delay his revocation hearing, in violation of the Due Process Clause.

As I explained to Maholmes in the original screening order, Dkt. 25, at 1, a complaint must provide fair notice of the plaintiff's claim and "plead a plausible claim for relief," *Balle v. Kennedy*, 73 F.4th 545, 557 (7th Cir. 2023), which means that the allegations in the complaint must raise a right to relief above the speculative level. *McCray v. Wilkie*, 966 F.3d 616, 620 (7th Cir. 2020). The amended complaint does not meet this standard.

As an initial matter, the general rule is that a federal court may not interfere with ongoing state criminal proceedings, including revocation hearings. *Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018). Maholmes alleges that he has not yet received a revocation hearing, suggesting that criminal proceedings are ongoing. There is an exception to the rule against federal court intervention when a person is challenging the validity of his confinement, and federal intervention is necessary to prevent the issue from becoming moot, such as when the person contends that he is being denied a right to a speedy trial. *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). Due process requires that revocation hearings be held "within a reasonable time after the parolee [or probationer] is taken into custody," *U.S. ex rel. Sims v. Sielaff*, 563 F.2d 821, 825 (7th Cir. 1977), which suggests that a probationer or parolee could bring a petition for a writ of habeas (after exhausting state court remedies) if state officials were unreasonably delaying a revocation hearing while the probationer or parolee was in custody.

In this case, Maholmes is not seeking habeas relief, and he does not allege that the delay in receiving a hearing is prolonging his custody or even that he is in custody because of the pending revocation hearing. Maholmes is currently housed at the Taylor County Jail, but I am aware from Maholmes's other cases in this court and from the Wisconsin's Circuit Court Access website that Maholmes is involved in multiple criminal proceedings, so his detention may be the result of other alleged violations of the law.

Instead of prolonging his custody, Maholmes says that the delay is "causing [him] to deteriorate mentally and circumvented [him] from obtaining mental health treatment and substance abuse treatment." Dkt. 9, at 4. Maholmes does not explain how or why the revocation hearing is connected to receiving mental health or substance abuse treatment. In any event, probation agents and hearing examiners are not required to provide probationers

2

with mental health treatment, regardless of the status of a revocation hearing. As I explained to Maholmes in *Maholmes v. Kuzmik*, No. 24-cv-922-jdp (W.D. Wis. Apr. 24, 2025), Dkt. 9, at 2, the government is not responsible for a released person's healthcare, and jail or prison officials are responsible for the healthcare of an incarcerated person. So Maholmes has not stated a claim against defendants for a denial of treatment.

The problems with Maholmes's amended complaint cannot be cured through another amendment, so I will not grant Maholmes leave to amend a second time. If Maholmes believes that his custody is unlawful because of an unreasonable delay in holding his revocation hearing, he may file a petition for a writ of habeas corpus under 28 U.S.C. § 2241 after exhausting his state-court remedies. *See U.S. v. Castor*, 937 F.2d 293, 297 (7th Cir. 1991). If he believes that he has a serious medical need for certain mental health treatment, and he is not receiving the treatment that he needs, he may sue jail officials (or whoever has custody over him) under 42 U.S.C. § 1983. *See Radek v. Parks*, No. 21-cv-520-jdp, 2023 WL 2163084, at *4 (W.D. Wis. Feb. 22, 2023). But I cannot grant Maholmes any relief in this case because he has not identified a violation of his rights against these defendants.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to record a "strike" under 28 U.S.C. § 1915(g), enter judgment in defendants' favor, and close this case.

Entered June 4, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge